OHIO MINING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33568. Promulgated September 30, 1930.

*Evert L. Bono, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

LOVE: This proceeding is for the redetermination of the deficiency proposed by the Commissioner in his notice of deficiency dated November 8, 1927. The taxes in controversy are income taxes for the calendar years 1922 and 1923 in the amounts of $1,265.48 and $2,618.93, respectively.

Petitioner alleges that the Commissioner is in error:

(a) In holding that petitioner elected to file separate returns for 1922 and 1923, and that petitioner is not affiliated with any other corporation and is not entitled, within the purview of the income-tax law and regulations, to file consolidated returns for those years with the Kimberly Coal & Land Co. and the Hocking Block Coal Co. of Columbus, Ohio; and

(b) In not finding that the land purchased by petitioner in 1917 was greatly enhanced in value so that the fair market value of such property was greatly disproportionate to the cost thereof by reason of the discovery of coal therein during that year; and that the fair market value of such coal in the land at the date of discovery was worth not less than 15 cents per ton; and that depletion for the taxable years 1922 and 1923 should be calculated on such per ton value of 15 cents instead of 5.236 cents as used by the Commissioner in his notice of deficiency.

Allegation of error (b) was waived at the hearing.

Petitioner asks us to find (1) that in 1922 and 1923 it was affiliated with the Kimberly Coal & Land Co. and the Hocking Block Coal Co. of Columbus, Ohio, and therefore entitled, under section 240 of the Revenue Act of 1921, to make a consolidated return for those years; but (2) that those corporations were deprived of such privilege because the Commissioner held that in 1918 and 1919 the stock of the corporations was not owned by the stockholders in substantially the same percentage and that, therefore, they were not then entitled to file consolidated returns and, the percentages remaining substantially the same, petitioner and its associated companies had been advised by their attorneys that for 1922 and 1923 there had been no change in the Commissioner's regulations as to affiliations and that they could not comply with them. Petitioner asserts that it was thus barred from exercising any choice or election in regard to the basis upon which its return for 1922 should be made.

Section 240 (a) of the Revenue Act of 1921, which is pertinent here, is as follows:

That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

Petitioner introduced in evidence lists of stockholders of the three corporations in 1922 and 1923, showing their individual holdings and the net changes in each year, but we do not decide whether or not for those years the corporations were affiliated, for the reason that in view of what we have to say subsequently, it is not a matter of importance. We have made no findings of fact because we have found none in the record that we think are material or relevant to the issue before us.

While strenuously insisting that they are wholly irrelevant, counsel for respondent admits the truth of the following statements made on behalf of petitioner:

That consolidated returns were filed by petitioner with the Kimberly Coal & Land Co. and the Hocking Block Coal Co. for 1918 and 1919, and separate returns were filed for 1920, 1921, 1922, and 1923.

That under date of August 23, 1920, the Hocking Block Coal Co. received a letter from the office of the Commissioner which stated in its material part:

It is noted that your corporation, The Kimberly Coal and Land Company and The Ohio Mining Company filed a consolidated income and profits tax return for

the year 1918. As above indicated, this was improper, as separate returns should have been filed.

\*      \*      \*      \*      \*      \*      \*

Respectfully,

(Signed)      G. V. Newton,
*Deputy Commissioner.*

That subsequently, on November 2, 1920, November 24, 1922, and December 19, 1922, the collector of internal revenue at Columbus, Ohio, again requested that separate returns be filed.

That the Commissioner held that the corporations were not affiliated for 1918 and 1919, for the reason that the stock of the corporations was not owned by the stockholders in substantially the same percentage and therefore were not entitled to file consolidated returns; but that later the Commissioner granted the right of consolidation for 1918 to 1921, inclusive.

We have considered these statements for what they are worth; but we can not see that they are relevant to the question at issue, which is, Did the taxpayer exercise the right of election under the circumstances as disclosed by the record when it admittedly filed separate returns for 1922? If it did exercise such right, then a finding of fact to the effect that the corporations herein involved were affiliated would result in no benefit to petitioner. The statute is plain and mandatory where it prescribes that, " all returns thereafter shall be made upon the same basis unless permission to change the basis is granted by the Commissioner."

Petitioner asserts that its officers were familiar with the law and the regulations, and even advances the possession of that knowledge as a reason why it should be held that it was denied the alternative of making separate or a consolidated return, because it believed that the regulations promulgated under the law by the Commissioner with the approval of the Secretary, legally and effectively denied to it the status of an affiliated corporation. Counsel advised these companies (of which petitioner was one) that there had been no change in the Commissioner's regulations as to affiliations, and that in order for the company to comply with such regulations, it was necessary for the corporations to be owned and controlled by the same stockholders with stockholdings in substantially the same percentage. He told them that since they could not comply with the regulations in that respect, they could not file consolidated returns without making themselves liable to heavy penalties and interest, and the possible charge of fraud. In reply to the question, on direct examination, whether these corporations would have filed consolidated returns in 1922 and 1923 had they not received the advice of counsel to the contrary, their treasurer, who was on the stand, said " We surely would."

But what they would have done had they not done what they did do is not in point. With an admittedly full knowledge of the law and regulations, petitioner elected to file a separate return for 1922, and it is bound by that action unless and until permission to change its basis of reporting is granted by the Commissioner; even though it acted under a misapprehension of the law, and upon the advice of counsel. It does not appear that the return for 1922 (or 1923) was even made under protest in an effort to protect petitioner's right of election, though it seems that such a procedure would have been a reasonable and obvious precaution.

We have consistently held that affiliated corporations which filed separate returns for 1922 may not thereafter file a consolidated return for that or subsequent years. See *Harbour-Longmire Co.,* 18 B. T. A. 33, and cases therein cited. Petitioner attempts to distinguish this from the *Harbour-Longmire* case by reason of the fact that in the latter petitioner asserted that lack of knowledge of the provisions of section 240 (a) of the Revenue Act of 1921 precluded an election, on the ground that a person, without knowledge of his right of choice, can not elect; while in the case at bar, petitioner and its associated corporations knew of affiliation, and knew that they had filed consolidated returns for previous years, and did not file consolidated returns for 1922 and 1923 only because they had been advised by counsel that they could not file such returns under the Commissioner's regulations. But if ignorance of the law furnishes no man with an excuse, certainly we can find none in fact that petitioner, knowing the law, misconstrued it. The ruling here made is supported by the decisions by the Circuit Court of Appeals, Eighth Circuit, in the cases of *Fidelity National Bank & Trust Co.* v. *Commissioner,* 39 Fed. (2d) 58, and *Lucas, Commissioner,* v. *St. Louis National Base Ball Club,* 42 Fed. (2d) 981.

*Judgment will be entered for the respondent.*